IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SMART COMMUNICATIONS
COLLIER, INC.                                                                                     PLAINTIFF

v.                                       No. 4:20-cv-368-DPM

POPE COUNTY SHERIFF'S OFFICE;
and SHANE JONES, in his Official and
Individual Capacities                                                                     DEFENDANTS

ORDER

Pope County and Smart made a contract for Smart to provide an electronic messaging system for inmates at the Pope County Detention Center and their families. The parties have a dispute about ending that contract and an addendum signed by the sheriff. Pope County has sued Smart in the Circuit Court of Pope County, Arkansas. Smart responded with this case.

The Court concludes that it has subject matter jurisdiction because it's not certain that Smart couldn't recover more than $75,000. The issue is venue. The parties' contract has a forum-selection clause.

> 9.4 Governing Law. The parties mutually agree that any litigation arising hereunder shall be brought and completed in Pope County, Arkansas and other pertinent Arkansas courts and further that neither party shall seek to remove such litigation from Circuit Courts or Appellate Courts of the State of Arkansas by application of conflict of laws or any other removal process to any Federal Court or court not in Arkansas.

*Doc. 8-1 at 14.* The parties' choice is enforceable unless it is

unreasonable in the circumstances. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Servewell Plumbing, LLC v. Federal Insurance Co.*, 439 F.3d 786, 789 (8th Cir. 2006). Neither side argues that this clause is unenforceable for any reason.

Smart contends that the contract allows suit in the United States District Court for the Eastern District of Arkansas, which embraces Pope County. This Court, Smart continues, is in the category of other pertinent Arkansas courts. Taken as a whole, though, the clause does not bear the reading Smart urges. There is no federal courthouse in Pope County. The clause allows suit in a state District Court there over a small-dollar dispute. ARKANSAS ADMINISTRATIVE ORDER 18, § 3(a) & (b). The clause also covers any appeal, which is where a case is sometimes completed. The Arkansas Supreme Court and the Arkansas Court of Appeals are the other pertinent Arkansas courts contemplated by the parties' words. While federal trial courts are organized geographically, this clause does not reflect the signers' choice of any court that hears cases from Pope County. *Compare, e.g., Simonoff v. Expedia, Inc.*, 643 F.3d 1202 (9th Cir. 2011). Instead, the parties chose a state forum. They made their choice clearer still in the no-removal terms, which reject any federal court. It makes little sense to bar removal if the case could have been brought originally in a federal court.

* * *

The motion to dismiss the complaint, *Doc. 4*, is denied as moot based on the amended complaint. The motion to dismiss the amended complaint, *Doc. 8*, is granted.

So Ordered.

*[signature: DPMarshall Jr.]*
D.P. Marshall Jr.
United States District Judge

22 June 2020