# United States Court of Appeals
*For The Eighth Circuit*

Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

July 20, 2021

Mr. Darby Vincent Doan
HALTOM & DOAN
Suite 100
6500 Summerhill Road
Texarkana, TX  75503-0000

RE:  20-2496  Smart Communications Collier v. Pope County Sheriff's Office, et al

Dear Counsel:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

Michael E. Gans
Clerk of Court

NDG

Enclosure(s)

cc: Mr. Robert Cannedy Dalby
    Ms. Jennifer H. Doan
    Ms. Tammy H. Downs
    Ms. Mariah Leigh Hornok
    Mr. Jason E Owens

District Court/Agency Case Number(s):  4:20-cv-00368-DPM

# United States Court of Appeals
## *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

July 20, 2021

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

RE: 20-2496  Smart Communications Collier v. Pope County Sheriff's Office, et al

Dear Sirs:

A published opinion was filed today in the above case.

Counsel who presented argument on behalf of the appellant and appeared on the brief was Darby Vincent Doan, of Texarkana, TX. The following attorneys also appeared on the appellant brief;  Jennifer H. Doan, of Texarkana, TX.,  Robert Cannedy Dalby, of Rogers, AR.,  Mariah Leigh Hornok, of Texarkana, TX.

Counsel who presented argument on behalf of the appellee and appeared on the brief was Jason E Owens, of Conway, AR.

The judge who heard the case in the district court was Honorable D. Price Marshall. The judgment of the district court was entered on June 22, 2020.

If you have any questions concerning this case, please call this office.

Michael E. Gans
Clerk of Court

NDG

Enclosure(s)

cc:  MO Lawyers Weekly

District Court/Agency Case Number(s):   4:20-cv-00368-DPM

United States Court of Appeals
For the Eighth Circuit

_____

No. 20-2496
_____

Smart Communications Collier Inc.

*Plaintiff - Appellant*

v.

Pope County Sheriff's Office; Shane Jones

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: April 14, 2021
Filed: July 20, 2021
_____

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.
_____

SMITH, Chief Judge.

    Smart Communications Collier, Inc., ("Smart") and Pope County ("County") had a contract dispute. Smart sued the County in federal district court.[1] The County moved to dismiss the case based on a forum-selection clause in the contract. The

___

    [1]The Honorable D.P. Marshall Jr., Chief Judge, United States District Court for the Eastern District of Arkansas.

district court agreed with the County's interpretation of the clause and dismissed the case. Smart appeals. We affirm the district court.

## I. *Background*

In 2016, the County contracted with Smart to provide an electronic messaging system for inmates at the Pope County Detention Center. The contract included a forum-selection clause and an anti-removal provision:

> The parties mutually agree that any litigation arising hereunder shall be brought and completed in Pope County, Arkansas and other pertinent Arkansas courts and further that neither party shall seek to remove such litigation from Circuit Courts or Appellate Courts of the State of Arkansas by application of conflict of laws or any other removal process to any Federal Court or court not in Arkansas.

Appellant's Addendum at 10.

About four years later, a dispute about the messaging system arose between the parties. The County sued Smart in the Circuit Court of Pope County, Arkansas. Then, Smart sued the County in federal district court in the Eastern District of Arkansas. The County moved to dismiss Smart's case based on the contract's forum-selection clause. The district court determined that the clause precluded Smart from suing the County in federal court and dismissed the case. Smart appeals the district court's dismissal.

## II. *Discussion*

We review the district court's interpretation of a forum-selection clause de novo. *Dunne v. Libbra*, 330 F.3d 1062, 1063 (8th Cir. 2003). Both parties urge that

-2-

Arkansas law applies to the interpretation of this forum-selection clause, so we will apply Arkansas law here.[2]

"When the parties express their intention in a contract in clear and unambiguous language, we must construe the written agreement according to its plain meaning." *Jorja Trading, Inc. v. Willis*, 598 S.W.3d 1, 7 (Ark. 2020). And when the

---

[2]Normally, state law applies to interpretations of contracts in diversity actions. *In re Fitzgerald Marine & Repair, Inc.*, 619 F.3d 851, 858 (8th Cir. 2010). Some of our sister circuits apply this general principle to the interpretation of forum-selection clauses, while others apply federal common law. *Compare Collins v. Mary Kay, Inc.*, 874 F.3d 176, 183 (3d Cir. 2017) ("find[ing] no reason . . . to apply federal common law to interpret . . . forum selection clauses"), *and Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016) (explaining that "[w]hen the interpretation of a forum-selection clause is at issue in a diversity case, . . . the forum state's choice-of-law rules . . . determine what substantive law governs" (internal quotation marks omitted)), *and Martinez v. Bloomberg LP*, 740 F.3d 211, 224 (2d Cir. 2014) (explaining that interpretation of a forum-selection clause is a substantive question to which state law applies), *with Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018) ("We apply federal contract law to interpret the scope of a forum-selection clause even in diversity actions . . . ."). We have not explicitly addressed the issue.

In the past, we have expressly declined to decide "whether to apply state or federal law in determining the enforceability of" a forum-selection clause. *See, e.g.*, *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006). Although the enforceability and interpretation of forum-selection clauses are distinct concepts, *see Martinez*, 740 F.3d at 217 ("distinguish[ing] between the *interpretation* of a forum selection clause and the *enforceability* of the clause"), we similarly decline to take a side on the issue of what law applies to the interpretation of a forum-selection clause. "[B]oth parties operate under the assumption that [Arkansas] law controls," *Rainforest Café, Inc. v. EklecCo, L.L.C.*, 340 F.3d 544, 546 (8th Cir. 2003), "and neither party argues that the application of one or another body of law would materially affect the outcome," *Servewell Plumbing*, 439 F.3d at 789, so we will apply Arkansas law in this case.

-3-

plain meaning permits "only one reasonable interpretation," Arkansas courts "will give effect to the plain language of the policy without resorting to rules of construction." *Curley v. Old Reliable Cas. Co.*, 155 S.W.3d 711, 713 (Ark. Ct. App. 2004). Citing this blackletter law, Smart points to the forum-selection clause's language that requires suits to "be brought and completed in Pope County, Arkansas and other pertinent Arkansas courts." According to Smart, the Eastern District of Arkansas is an "other pertinent Arkansas court[]" because the clause's text refers to a geographical limitation (i.e., a court physically located within Arkansas's borders), not a jurisdictional limitation (i.e., a court belonging to the Arkansas state government). Smart urges this textual distinction based on a single word: "in."

Smart points to *Simonoff v. Expedia, Inc.* where a forum-selection clause required the parties to litigate in the "courts in King County, Washington." 643 F.3d 1202, 1205 (9th Cir. 2011). The Ninth Circuit reasoned that

> [t]he word "in" means to "'express[] relation of presence, existence, situation, inclusion . . . ; inclosed or surround by limits, as in a room.'" . . . *Black's Law Dictionary 758* (6th ed. 1990) . . . . Hence the phrase "courts in" a state includes any court within the physical boundaries of the state, even if the court does not derive its power and authority from the sovereignty of the state.

*Id.* at 1206 (second and third alteration in original). It concluded "that a forum selection clause that specifies 'courts of' a state limits jurisdiction to state courts, but specification of 'courts in' a state includes both state and federal courts." *Id.* Several other circuits have adopted a similar hard-line distinction between the prepositions *in* and *of*. *See FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010); *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 926 (10th Cir. 2005); *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (per curiam). We find Smart's "argument too [smart] by half," *Nichols v.*

-4-

*United States*, 136 S. Ct. 1113, 1118–19 (2016), because each of the forum-selection clauses in those cases materially differ from the clause here.

The forum-selection clauses construed by other circuits have limited venue to "courts in [location]" or "courts of [location]."[3] In those clauses, the location is used as a noun. This clause, in the beginning, follows the same pattern, requiring suit to "be brought and completed in Pope County, Arkansas." But there is no federal courthouse in Pope County, so this offers little help to Smart.

The relevant portion of the forum-selection clause diverges from the language in the clauses that other circuits have addressed. It provides for venue "in . . . other pertinent Arkansas courts." Here, "Arkansas" is used as an adjective, not a noun. Usually, an adjective before a court connotes what government it belongs to—e.g., federal court, state court, United States Supreme Court, Arkansas Supreme Court. Both this court and Arkansas state courts have used this "[location] courts" construction to refer to jurisdiction. *See, e.g.*, *Brewington v. Keener*, 902 F.3d 796, 803 (8th Cir. 2018) (stating that "Arkansas courts" apply the same standard of causation as federal courts); *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 210 S.W.3d 101, 108 (Ark. 2005) (interpreting a forum-selection clause and stating that the parties "selected the jurisdiction of the Florida courts"). The same is true here. The ordinary understanding of "Arkansas courts" refers to courts that are constituted under the Arkansas state government, not any court that happens to be within Arkansas's borders.

Further, the word "pertinent" does not alter the meaning of "Arkansas courts," as Smart suggests. Emphasizing "pertinent," Smart contends that "other pertinent

---

[3]*See Simonoff*, 643 F.3d at 1205 ("courts in King County"); *FindWhere Holdings*, 626 F.3d at 754 ("courts of the State of Virginia"); *Am. Soda*, 428 F.3d at 924 ("Courts of the State of Colorado"); *Dixon*, 330 F.3d at 398 ("Courts of Texas").

-5-

Arkansas courts" are courts that "ha[ve] jurisdiction over" litigation arising within the geographical boundaries of Pope County. Appellant's Br. at 13. But "pertinent" does not affect the ordinary meaning of "Arkansas courts." The word *pertinent* means "[c]learly related to a matter at hand." *Pertinent*, *American Heritage Dictionary of the English Language* (5th ed. 2011); *see also Pertinent*, *Black's Law Dictionary* (10th ed. 2014) (defining *pertinent* as "[o]f, relating to, or involving the particular issue at hand; relevant"). Thus, its function is to connect a word or phrase to related matter, not to change the meaning of the word or phrase. Here, the parties agreed to bring and complete "any litigation arising [under the contract] . . . in Pope County, Arkansas and other pertinent Arkansas courts." So "pertinent" could connect "other . . . Arkansas courts" to either the litigation or the courts in Pope County. Either way, "Arkansas courts" still means just that.

Next, to overcome the forum-selection clause's ordinary meaning, Smart notes that the contract's anti-removal provision refers to specific Arkansas courts, identifying the "Circuit Courts or Appellate Courts of the State of Arkansas." It thus argues that because the parties named specific courts in the anti-removal provision and used the term "Arkansas courts" in the forum-selection clause, the parties must have intended for those terms to mean different things. "But there is no 'canon of interpretation that forbids interpreting different words . . . to mean roughly the same thing.' We decline to invent and apply such a canon here." *Jennings v. Rodriguez*, 138 S. Ct. 830, 845 (2018) (citation omitted). This is especially true because the forum-selection clause permits "only one reasonable interpretation," and in such cases we will not "resort[] to rules of construction," whether real or not. *Curley*, 155 S.W.3d at 713.

Finally, Smart appeals to the construction rule disfavoring surplusage, arguing that the contract's anti-removal provision would be surplusage if the forum-selection clause requires the parties to begin and end litigation in Arkansas courts. *See Carter v. Four Seasons Funding Corp.*, 97 S.W.3d 387, 401 (Ark. 2003) ("In construing a

-6-

contract, the courts must endeavor to give meaning and effect to every word . . . ." (quoting *Pickens-Bond Constr. Co. v. N. Little Rock Elec. Co.*, 459 S.W.2d 549, 552 (Ark. 1970) (alteration in original))). We have previously held that "a clear and unequivocal forum selection clause" waives parties' rights to removal. *Medtronic Sofamor Danek, Inc. v. Gannon*, 913 F.3d 704, 709 (8th Cir. 2019). Because this forum-selection clause is clear, Smart's argument has facial appeal. But both the forum-selection clause *and* the anti-removal provision in this contract are clear; thus, the rule against surplusage has limited, if any, interpretational value. *See Curley*, 155 S.W.3d at 713. Further, the "canons [of interpretation] are not mandatory rules. They are guides that 'need not be conclusive.'" *Chickasaw Nation v. United States*, 534 U.S. 84, 94 (2001) (quoting *Cir. City Stores, Inc. v. Adams*, 532 U.S. 105, 115 (2001)). In fact, applying the surplusage cannon is inappropriate if it would make the plain text ambiguous; courts "should prefer the plain meaning since that approach respects the words of" the contracting parties. *See Lamie v. U.S. Trustee*, 540 U.S. 526, 536 (2004). Here, the ordinary meaning of the forum-selection clause and the anti-removal provision obviate the need to resort to the rule against surplusage.

III. *Conclusion*

Accordingly, we affirm the district court.

_____

# Abigail Temple

| | |
|---|---|
| **From:** | ca08ml_cmecf_Notify@ca8.uscourts.gov |
| **Sent:** | Tuesday, July 20, 2021 8:13 AM |
| **Subject:** | 20-2496 Smart Communications Collier v. Pope County Sheriff's Office, et al "Signed Opinion Filed" (4:20-cv-00368-DPM) |

\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## Eighth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was filed on 07/20/2021

| | |
|---|---|
| **Case Name:** | Smart Communications Collier v. Pope County Sheriff's Office, et al |
| **Case Number:** | 20-2496 |
| **Document(s):** | Document(s) |

**Docket Text:**
OPINION FILED - THE COURT: Lavenski R. Smith, Steven M. Colloton and Ralph R. Erickson
AUTHORING JUDGE:Lavenski R. Smith (PUBLISHED) [5056408] [20-2496] (Nicole Gillis)

**Notice will be electronically mailed to:**

Mr. Robert Cannedy Dalby: rdalby@arkattorneys.com
Mr. Darby Vincent Doan: ddoan@haltomdoan.com, tfoster@haltomdoan.com
Ms. Jennifer H. Doan: jdoan@haltomdoan.com, jsmith@haltomdoan.com
Ms. Tammy H. Downs, Clerk of Court: ared_appeals@ared.uscourts.gov
Ms. Mariah Leigh Hornok: mhornok@haltomdoan.com, tfoster@haltomdoan.com, mthornberry@haltomdoan.com
Mr. Jason E Owens: owens@jowenslawfirm.com, miranda@jowenslawfirm.com, lewis@jowenslawfirm.com
MO Lawyers Weekly: michaelh@mesjassociates.com, slauck@molawyersmedia.com
West Publishing: us.coa.8@content.thomsonreuters.com

The following document(s) are associated with this transaction:
**Document Description:** Counsel Opinion Letter
**Original Filename:** /opt/ACECF/live/forms/NikiGillis_202496_5056408_CounselOpinionLetters_285.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=07/20/2021] [FileNumber=5056408-1] [8a450527e799bd66a3d3f87a0749ae28aaaa6e6c5f3df7950f8bcd96681b4f7c3ce7442aa5acc17711e0400df0a894a49cdeb6f70fe221b3efb4121dd49ab0eb]]
**Recipients:**

- [Mr. Robert Cannedy Dalby](#)
- [Mr. Darby Vincent Doan](#)
- [Ms. Jennifer H. Doan](#)
- [Ms. Tammy H. Downs, Clerk of Court](#)
- [Ms. Mariah Leigh Hornok](#)
- [Mr. Jason E Owens](#)

**Document Description:** Letter To Publishing
**Original Filename:** /opt/ACECF/live/forms/NikiGillis_202496_5056408_LettersToPublishing_284.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=07/20/2021] [FileNumber=5056408-2]
[9421dba237cd6d1247515764352d7fe1452844d55484f920e39dd12bf4fcbc32d27865367fd4c9f9634793dc72e11e5dbb1725bdf91ea37c36985e80e5981f0e]]
**Recipients:**

- [MO Lawyers Weekly](#)
- [West Publishing](#)

**Document Description:** Opinion
**Original Filename:** 202496P.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=07/20/2021] [FileNumber=5056408-0]
[9c7e4054ff0ab794f7b1f865f5ce3973b2f70613749a565493a9b133d689698d69643f4c3de46bd4af27a4f903e6a866f6e6db320bb2622f4584a2322a4343c0]]

The following information is for the use of court personnel:


**DOCKET ENTRY ID:** 5056408
**RELIEF(S) DOCKETED:**
   for publication
**DOCKET PART(S) ADDED:** 6810818, 6810819, 6810820